UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREW L. JORDAN,

    Plaintiff,

    v.

PLAZA HOME MORTGAGE, INC., et al.,

    Defendants.

3:11-cv-348-RCJ-WGC

**ORDER**

Currently before the Court are Motions to Dismiss (#7, 20) and a Motion for Sanctions (#28). The Court heard oral argument on September 27, 2011.

**BACKGROUND**

**I.    Facts**

Plaintiff Andrew L. Jordan executed a note secured by a deed of trust on a piece of property located at 8707 Malibu Drive, Reno, Nevada 89506, which was recorded in Washoe County on September 11, 2008. (Deed of Trust (#7-6) at 2-3). The mortgage, dated September 8, 2008, was for $207,264. (*Id.*). The lender on the deed of trust was Plaza Home Mortgage, Inc. (*Id.* at 2). The trustee on the deed of trust was First American Title. (*Id.*). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as nominee for Lender and Lender's successors and assigns and claimed to be the beneficiary[1] under the security instrument. (*Id.*).

On September 15, 2008, Plaza Home Mortgage sent Plaintiff a letter stating that it had

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

sold his loan to Countrywide Home Loans, Inc. and that all payments should be sent to Countrywide Home Loans. (Transfer Letter (#7-7) at 2). On April 1, 2009, Plaintiff defaulted on his mortgage payments for an unspecified amount. (*See* Notice of Default (#7-8) at 2).

On March 1, 2010, Recontrust Company, N.A. executed a notice of default and election to sell under the deed of trust.[2] (Notice of Default (#7-8) at 2-3). Charlotte Olmos, an employee of First American Title Insurance Company and an agent for Recontrust, signed the notice of default. (*Id.* at 3).

On March 4, 2010, MERS executed an assignment of the deed of trust to BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing, LP. (Assignment of Deed of Trust (#20-9) at 2-3). On that same day, BAC Home Loans executed a substitution of trustee and replaced First American Title as the trustee for Recontrust. (Substitution of Trustee (#20-10) at 2-3).

On September 9, 2010, First American Title recorded a certificate from the Nevada Foreclosure Mediation Program that indicated that no request for mediation had been made or that the grantor had waived mediation. (Mediation Certificate (#20-12) at 2). The certificate stated that the beneficiary could proceed with the foreclosure process. (*Id.*). That same day, Recontrust filed a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#7-9) at 2). On December 27, 2010, Recontrust filed another notice of trustee's sale with the Washoe County Recorder's office. (Second Notice of Trustee's Sale (#7-10) at 2). On April 11, 2011, Plaintiff recorded a notice of lis pendens with the Washoe County Recorder's office. (Notice of Lis Pendens (#20-15) at 2-3). No foreclosure sale has taken place. (*See* Mot. to Dismiss (#20) at 4).

**II.    Complaint**

In May 2011, Plaza Home Mortgage filed a petition for removal and attached Plaintiff's complaint from the Second Judicial District in Washoe County. (Pet. for Removal (#1); Compl. (#1-1) at 10-74). In the complaint, Plaintiff sued Plaza Home Mortgage, Inc.; First

---

[2] Recontrust recorded the notice of default on March 3, 2010. (Notice of Default (#7-8) at 2).

2

American Title; Recontrust Company, N.A.; BAC Home Loans Servicing, LP; First American Title Insurance Company; and Charlotte Olmos. (Compl. (#1-1) at 10). Plaintiff's 66-page complaint listed nine causes of action. (*Id.* at 37-69).

In the first cause of action, Plaintiff alleged debt collection violations, pursuant to NRS § 649.370, against Recontrust, BAC Home Loans, First American Title Insurance Company, and Charlotte Olmos. (*Id.* at 37). In the second cause of action, Plaintiff alleged violations of Nevada's Unfair and Deceptive Trade Practices Act, pursuant to NRS § 598.0923, against Recontrust, BAC Home Loans, First American Title Insurance Company, and Charlotte Olmos for not having business licenses. (*Id.* at 40). In the third cause of action, Plaintiff alleged violations of unfair lending practices, pursuant to NRS § 598D.100, against Plaza Home Mortgage, First American Title, Recontrust, BAC Home Loans, First American Title Insurance, and Charlotte Olmos. (*Id.* at 41-42). In the fourth cause of action, Plaintiff alleged breach of the covenant of good faith and fair dealing based on the deed of trust. (*Id.* at 43-44). In the fifth cause of action, Plaintiff alleged violations of NRS § 107.080. (*Id.* at 45). In the sixth cause of action, Plaintiff sought to quiet title. (*Id.* at 52). In the seventh cause of action, Plaintiff alleged fraud in the inducement and through omission against Plaza Home Mortgage and First American Title for luring Plaintiff into a loan. (*Id.* at 61-62). In the eighth cause of action, Plaintiff alleged slander of title against Recontrust, BAC Home Loans, First American Title Insurance Company, and Charlotte Omos for filing a notice of default. (*Id.* at 66). In the ninth cause of action, Plaintiff alleged abuse of process against Recontrust, BAC Home Loans, First American Title Company, and Charlotte Olmos. (*Id.* at 69).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6)

3

motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be

cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

**I.     Motions to Dismiss & Joinders (#7, 13, 20, 22)**

Plaza Home Mortgage filed a motion to dismiss all claims against it. (Mot. to Dismiss (#7) at 1, 5). Recontrust and BAC Home Loans filed a motion to dismiss all claims against it and to expunge lis pendens. (Mot. to Dismiss (#20) at 4, 22). First American Title Insurance Company and Charlotte Olmos filed joinders to both motions to dismiss. (Joinders (#13, 22)). Plaintiff filed responses (#17, 26) and Defendants filed replies (#24, 27).

In this case, Plaintiff fails to state a claim for debt collection violations under NRS § 649.370. Pursuant to NRS § 649.370, a violation of any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 *et seq.*, or any regulation adopted pursuant thereto, is a violation of Nevada law. Nev. Stat. Rev. § 649.370. Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009)). Therefore, the Court dismisses the first cause of action without leave to amend.

Plaintiff fails to state a cause of action under Nevada's Unfair and Deceptive Trade Practices Act, NRS § 598.0923. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security

5

interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, the Court dismisses the second cause of action without leave to amend.

Nevada Revised Statute § 598D.100(1)(b) states that it is an unfair lending practice for a lender to "[k]nowingly or intentionally make a home loan . . . to a borrower . . . without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan." Here, Plaintiff fails to state a claim for unfair lending practices against First American Title, Recontrust, First American Title Insurance, and Charlotte Olmos because the statute only applies to "lenders." Plaintiff also fails to state a claim against BAC Home Loans because BAC Home Loans did not originate the loan.

With respect to Plaza Home Mortgage, the original lender in this case, Plaintiff only conclusively states that Plaza Home Mortgage violated the statute "by luring Plaintiff into said loans based solely on future equity and not from present income or other assets and/or continuing to collect, and/or executing notices on the loan." (*See* Compl. (#1-1) at 42). Here, the Court dismisses the claim because Plaintiff only offers a conclusive recitation of the statute's elements and does not provide any further factual enhancements of allegations. *See Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949.[3]

Plaintiff fails to state a claim for breach of the covenant of good faith and fair dealing, slander of title, and abuse of process because Plaintiff did default on his mortgage. Therefore, the Court dismisses claims four, eight, and nine without leave to amend.

Plaintiff fails to state a claim for fraud in the inducement and through omission. The elements of fraud in Nevada are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from

---

[3] In support of the motion to dismiss, Plaza Home Mortgage attaches Plaintiff's W-2 statements from 2006 and 2007 demonstrating that Plaintiff earned over $56,000 in 2006 and over $80,000 in 2007. (W-2 Statements (#7-11) at 5-6). Additionally, Plaintiff's 2008 pay stubs demonstrate that during a two-week period in July 2008, Plaintiff made over $4,450. (July 2008 Pay Stub (#7-11) at 2). During a two-week period in June 2008, Plaintiff made over $3000. (June 2008 Pay Stub (#7-11) at 3).

6

acting in reliance upon the misrepresentation; (4) justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992). Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As such, the pleadings "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). In this case, Plaintiff makes general allegations of fraud based on the failure to disclose certain facts about the inner workings of the mortgage industry and for failing to explain to him that he was not qualified to enter the loans on the stated terms. Because Plaintiff does not allege that Defendants made any false statements about the terms of the deal he fails to state a claim for fraud. Additionally, Plaintiff's fraud allegations lack the specificity required by Rule 9(b). Therefore, the Court dismisses the seventh cause of action without leave to amend.

Plaintiff does state a claim for statutory violations of NRS § 107.080 and quiet title. Here, Recontrust executed a notice of default before it had become a properly substituted trustee and, thus, it could not properly initiate the foreclosure proceedings. *See Gomez*, 2009 WL 3617650 at *2 (stating that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure). In this case, BAC Home Loans executed a substitution of trustee on March 4, 2010, after Recontrust had executed the notice of default on March 1, 2010. (*See* Notice of Default (#7-8) at 2; Substitution of Trustee (#20-10) at 2-3). As such, the Court denies the motions and joinders to dismiss (#7, 13, 20, 22) claims five and six[4] and grant the motions and joinders to dismiss claims one, two, three, four, seven, eight, and nine with prejudice.

**II.    Motion for Rule 11 Sanctions (#28)**

Plaza Home Mortgage filed a motion for Rule 11 sanctions against Plaintiff. (Mot. for

---

[4] The Court also denies BAC Home Loans and Recontrust's motion to expunge lis pendens (#20) because Plaintiff states a claim for a statutorily defective foreclosure.

1  Sanctions (#28) at 1).[5]  Plaza Home Mortgage provides four examples of allegations that
2  should have been known or had been known at the time Plaintiff filed the complaint and should
3  have been withdrawn as permitted by Rule 11. (*Id.* at 4).  The four examples that Plaza Home
4  Mortgage provides are: (1) "Plaintiff was not told that the way he qualified for the loan was
5  based on future equity of his home and not from income and other assets;" (2) Plaintiff made
6  a "substantial down payment" in connection with this transaction; (3) Plaintiff's loan was made
7  without any proof of income; and (4) Plaintiff's subject loan was made based upon future
8  equity of the home and not upon income and other assets.  (*Id.* at 4-6).

9  In support of Plaza Home Mortgage's argument that these allegations contradict what
10 Plaintiff should have known, Plaza provides a copy of the loan application and documents
11 verifying Plaintiff's income at the initiation of the loan. (Exhibits (#28-1)).  The loan application,
12 signed by Plaintiff on September 8, 2008, demonstrates that Plaintiff's monthly income was
13 $6,681 and that his monthly rent was $1350 at the time.  (Loan Appl. (#28-1) at 2-3, 5).  The
14 proposed monthly mortgage payment on the loan was $1,626.15.  (*Id.* at 3).  Although the
15 house cost $210,000, the total cost after fees was approximately $221,000. (*Id.* at 5).  Plaintiff
16 received several thousand dollars in credits as a first time home buyer and paid $1,888.24 in
17 cash himself for earnest money and funds for closing.  (Final Statement (#28-1) at 7, 9).  Plaza
18 Home Mortgage also attached the documents they used to verify Plaintiff's income in 2008,
19 including: (a) a pay stub from a two-week period in July 2008 demonstrating that Plaintiff had
20 earned $4,454.94; (b) a pay stub from a two-week period in June 2008 demonstrating that
21 Plaintiff had earned $3,003.93; (c) a W-2 from 2006 demonstrating that Plaintiff had earned
22 approximately $56,000 that year; and (d) a W-2 from 2007 demonstrating that Plaintiff had
23 earned over $80,000 that year. (Income Verification (#28-1) at 11-15).  Plaza Home Mortgage
24 attached the August 2008 appraisal report of the property.  (Appraisal (#28-1) at 17, 19).  The

---

[5] Plaza Home Mortgage followed the procedural requirements of Rule 11(c)(2).  On May 25, 2011, Plaza Home Mortgage served Plaintiff with the motion pursuant to Fed. R. Civ. P. 5. (Appendix (#28-2) at 2).  After 21 days, Plaintiff did not withdraw or correct the issues raised in the motion for sanctions. (*See* Mot. for Sanctions (#28) at 2).  This motion now follows.

appraised value of the property was $210,000. (*Id.* at 23). The appraiser's report stated that property values in the area had been declining since 2005 and had declined 6% in value the eight months preceding the appraisal. (*Id.* at 25).

The majority of Plaintiff's opposition is non-responsive. (*See generally* Resp. to Mot. for Sanctions (#29)). However, Plaintiff does argue that, although his purported income was $80,000 per year, he had liabilities in the amount of $37,789 demonstrating that he did not have the ability to make loan payments. (*Id.* at 6-7).

In reply, Plaza Home Mortgage asserts that it is not arguing that Plaintiff's entire complaint is frivolous but is instead arguing that four specific factual statements in the complaint lack evidentiary support and violate Rule 11(b)(3). (Reply to Mot. for Sanctions (#30) at 2). Plaza Home Mortgage asserts that Plaintiff's attorney should stop filing boilerplate complaints that make the same allegations regardless of the specific facts in a case. (*Id.*).

Pursuant to Rule 11, an attorney who presents a pleading to the court certifies "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). If the Court imposes sanctions, the sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

In this case, Plaza Home Mortgage is correct that Plaintiff's attorney, Rick Lawton, consistently files the same boilerplate complaints in practically every mortgage foreclosure case he has. The four factual contentions that Plaza Home Mortgage takes issue with is part of Lawton's boilerplate language that appear in Lawton's most recent batch of mortgage foreclosure cases. Based on the exhibits provided by Plaza Home Mortgage, it is clear that Plaza Home Mortgage verified Plaintiff's income, that Plaintiff did not make a substantial down payment, and that Plaintiff and Plaza Home Mortgage knew that the property values in the area were declining.

For the reasons set forth on the record during oral argument, the Court grants Plaza

Home Mortgage's motion for sanctions (#28) and orders Plaintiff's attorney, Rick Lawton, to pay Plaza Home Mortgage $500 as part of the costs for filing the motion for sanctions.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motions and joinders to dismiss (#7, 13, 20, 22) with respect to claims 1, 2, 3, 4, 7, 8, and 9 are GRANTED in part without leave to amend and DENIED in part as to claims 5 and 6.

IT IS FURTHER ORDERED that Plaza Home Mortgage's Motion for Rule 11 Sanctions (#28) is GRANTED. Attorney Rick Lawton is ordered to pay Plaza Home Mortgage $500 as part of the costs for filing the motion for sanctions.

IT IS FURTHER ORDERED that, per the discussions at oral argument, the parties file a stipulation to dismiss with prejudice First American Title Insurance Company, Charlotte Olmos, and Plaza Home Mortgage from the case within 10 days of this order.

DATED: This _7th_ day of October, 2011.

_____
United States District Judge