**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANDREW L. JORDAN,

      Plaintiff,

      v.

PLAZA HOME MORTGAGE, INC., et al.,

      Defendants.

3:11-cv-348-RCJ-WGC

**ORDER**

Currently before the Court is a motion for summary judgment (#45) and a motion to expunge lis pendens (#46). For the following reasons, the Court denies both the motion for summary judgment (#45) and the motion to expunge lis pendens (#46).

**BACKGROUND**

I.    **Facts**

Plaintiff Andrew L. Jordan executed a note secured by a deed of trust on a piece of property located at 8707 Malibu Drive, Reno, Nevada 89506, which was recorded in Washoe County on September 11, 2008. (Deed of Trust (#45-1) at 5-6). The mortgage, dated September 8, 2008, was for $207,264. (*Id.*). The deed of trust named Plaza Home Mortgage, Inc. as lender, First American Title as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and beneficiary.[1] (*Id.* at 5).

On September 15, 2008, Plaza Home Mortgage sent Plaintiff a letter stating that it had sold his loan to Countrywide Home Loans, Inc. and that all payments should be sent to

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev. 2009).

Countrywide Home Loans. (Transfer Letter (#7-7) at 2). On April 1, 2009, Plaintiff defaulted on his mortgage payments for an unspecified amount. (*See* Notice of Default (#7-8) at 2).

On March 1, 2010, Recontrust Company, N.A. executed a notice of default and election to sell under the deed of trust.[2] (Notice of Default (#7-8) at 2-3). Charlotte Olmos—an employee of First American Title Insurance Company, allegedly an agent for Recontrust—signed the notice of default. (*Id.* at 3).

On March 3, 2010, MERS executed an assignment of the deed of trust to BAC Home Loans Servicing LP ("BAC"), formerly known as Countrywide Home Loans Servicing, LP. (Assignment of Deed of Trust (#20-9) at 2). On that same day, BAC executed a substitution of trustee substituting Recontrust as trustee of the deed of trust in place of First American Title. (Substitution of Trustee (#20-10) at 2-3).

On September 9, 2010, First American National Default recorded a certificate from the Nevada Foreclosure Mediation Program indicating that no request for mediation had been made or that the grantor had waived mediation. (Mediation Certificate (#20-12) at 2). The certificate stated that the beneficiary could proceed with the foreclosure process. (*Id.*). That same day, Recontrust filed a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#7-9) at 2). On December 27, 2010, Recontrust filed another notice of trustee's sale with the Washoe County Recorder's office. (Second Notice of Trustee's Sale (#7-10) at 2). On April 11, 2011, Plaintiff recorded a notice of lis pendens with the Washoe County Recorder's office. (Notice of Lis Pendens (#20-15) at 2-3). No foreclosure sale has taken place. (*See* Mot. for Summ. J. (#45) at 3).

**II.   Complaint**

In May 2011, Plaza Home Mortgage filed a petition for removal and attached Plaintiff's complaint from the Second Judicial District in Washoe County. (Pet. for Removal (#1); Compl. (#1-1) at 10-74). In the complaint, Plaintiff sued Plaza Home Mortgage, Inc.; First

---

[2] Recontrust recorded the notice of default on March 3, 2010. (Notice of Default (#7-8) at 2).

2

1  American Title;  Recontrust Company, N.A.; BAC Home Loans Servicing, LP; First American
2  Title Insurance Company; and Charlotte Olmos.  (Compl. (#1-1) at 10).  Plaintiff's 66-page
3  complaint listed nine causes of action, including: (1) debt collection violations under NRS §
4  649.370; (2) unfair and deceptive trade practices under NRS § 598.0923; (3) unfair lending
5  practices under NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing;
6  (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through
7  omission; (8) slander of title; and (9) abuse of process. (*Id.* at 37-71).

8  Plaza Home Mortgage filed a motion to dismiss on May 25, 2011 and Recontrust and
9  BAC filed a motion to dismiss on June 16, 2011. (Mots. to Dismiss (##7, 20)).  First American
10 Title Insurance Company and Charlotte Olmos later joined in both of these motions to dismiss.
11 (Joinders (##13, 22)).  On October 7, 2011 the Court granted these motions on all claims
12 except for claim five for violations of NRS § 107.080 and claim six for quiet title. (Order (#36)
13 at 7).  The Court held that Plaintiff had stated a claim on claims five and six because
14 Recontrust executed the notice of default before it had properly been substituted as trustee,
15 and therefore had no authority to initiate the foreclosure process.  (*Id.*).

16 Recontrust and BAC (collectively "Defendants") filed a motion for summary judgment
17 and a motion to expunge lis pendens on May 31, 2012.  (Mot. for Summ. J. (#45); Mot. to
18 Expunge Lis Pendens (#46)).

19 **LEGAL STANDARD**

20 The purpose of summary judgment is to dispose of factually unsupported claims and
21 defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  A court must grant
22 summary judgment when "the movant shows that there is no genuine dispute as to any
23 material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).
24 A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477
25 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence
26 for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

27 When presented with a motion for summary judgment, the court employs a burden-
28 shifting analysis.  When the moving party would bear the burden of proof at trial, it must

present evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). In such circumstances, "the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.* In contrast, when the nonmoving party would bear the burden of proving the claim or defense, the moving party may satisfy its burden in two ways: (1) by presenting evidence which negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party has failed to make a showing sufficient to establish an essential element to that party's case on which that party would bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment and need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial burden, the burden will then shift to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To show a genuine issue of material fact, the opposing party is not required to establish a material issue of fact conclusively in its favor. Rather, it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In essence, the nonmoving party cannot avoid summary judgment by solely relying on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The opposition must go beyond the allegations and assertions of the pleadings and set forth specific fact by providing the court with competent evidence that establishes a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, the court is not to weigh the evidence and determine the truth, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477

U.S. at 249. The evidence of the nonmovant must be believed, and all justifiable inferences drawn in his favor. *Id.* at 255. If the evidence of the nonmoving party is simply colorable or it is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

## DISCUSSION

Defendants have filed a motion for summary judgment on the two remaining claims against them: claim five for violations of NRS § 107.080 and claim six for quiet title. (Mot. for Summ. J. (#45) at 5). The Court previously held that Plaintiff had stated a claim for violation of NRS § 107.080 and quiet title because Recontrust executed the notice of default before it had been properly substituted as trustee. (Order (#36) at 7). Defendants have now presented the declaration of Lorena Diaz—the Assistant VP Operations Team Lead for Bank of America, N.A., successor by merger to BAC—asserting that BAC, in its capacity as servicer of the note, authorized Recontrust to initiate non-judicial foreclosure proceedings on February 23, 2010. (Diaz Decl. (#45-1) at 2-3).

The Diaz declaration establishes that BAC was the servicer of the loan and that it properly authorized Recontrust to initiate the foreclosure process. (Diaz Decl. (#45-1) at 3). However, the notice of default was not executed by Recontrust, but by First American Title Insurance Company as agent of Recontrust. (Notice of Default (#7-8) at 2-3). Although Defendants have provided this Court with evidence that Recontrust had authority from BAC to initiate the foreclosure process, no evidence has been presented that First American Title Insurance Company had authority from Recontrust to execute the notice of default. As Defendants have presented no evidence of the agency relationship between First American Title Insurance Company and Recontrust, they are not entitled to summary judgment on claim five for violations of NRS § 107.080 and claim six for quiet title.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that both the motion for summary judgment (#45) and the motion to expunge lis pendens (#46) are DENIED.

DATED: This 6th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE