JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN SENTERFITT LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: jacob.bundick@akerman.com
Email: natalie.winslow@akerman.com

*Attorneys for Defendants ReconTrust Company, N.A., and Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW L. JORDAN,<br><br>Plaintiffs,<br><br>vs.<br><br>PLAZA HOME MORTGAGE, INC., FIRST AMERICAN TITLE INSURANCE COMPANY; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING LP; CHARLOTTE OLMOS; and DOES 1-25 CORPORATIONS; DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>Defendants. | Case No.: 3:11-cv-348-RCJ-RAM<br><br>ORDER<br><br>**MOTION FOR LEAVE TO FILE UNDER SEAL** |

Defendants ReconTrust Company, N.A. (**ReconTrust**), and Bank of America, N.A. (**BANA**), successor by merger to BAC Home Loans Servicing, LP (**BAC**) move for leave to file under seal pursuant to Local Rule 10-5(b) an internal proprietary document which they intend to produce as evidence in support of their Motion for Summary Judgment.

//

//

//

//

{25180494;1}                                                                                1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

This Court previously denied defendants' Motion for Summary Judgment [Dkt. 58], finding that defendants had not provided sufficient evidence that First American Title Insurance Company (**First American Title**), the entity that executed the Notice of Default as agent for ReconTrust, had authority to execute the Notice of Default. [*Id.*] Defendants have in their possession the evidence requested by the Court. There is a reasonable basis for departing from the general policy of a public filing, and good cause exists to grant this Motion to File Under Seal, because the subject evidence, a Statement of Work (**SOW**), is proprietary to BANA and evidences a confidential delineation of services provided by First American Title to BANA.

### II

### LEGAL ARGUMENT

Local Rule 10-5(b) provides, in pertinent part, that "papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures." The Ninth Circuit has determined that, in the event a party requests to file documents under seal, the Court should balance the compelling reasons for sealing the subject documents with the public interest favoring disclosure. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1306 (1978)). Moreover, the public interest in full disclosure of documents is limited to ensuring the "public's understanding of the judicial process and of significant public events." *Id.* (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir. 1986)).

Here, there are compelling reasons to seal the SOW because the document contains

confidential terms entered into by BANA and First American Title. Specifically, the SOW is an agreement between two commercial entities that represents BANA's business model for the non-judicial foreclosure of real properties in Nevada. These business methods contain detailed provisions related to the proprietary nature of information and documents furnished for the purpose of performing under the agreement. The SOW contains a list of services provided by First American Title to BANA; specific instructions regarding invoicing; a service fees schedule; and performance methods. The general public interest is not served in any way by the disclosure of said proprietary information because it does not promote the public's understanding of the judicial process and of significant public events. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Therefore the sensitive nature of the SOW outweighs the public's interest in disclosure.

Accordingly, there are compelling reasons to justify defendants' request to file the SOW, which contains competitively sensitive information, under seal.

### III

### CONCLUSION

For the foregoing reasons, defendants request this Court allow them to file the SOW as an exhibit to their Motion for Summary Judgment under seal.

ORDER

IT IS SO ORDERED dated this 14th day of November, 2012.

_____
ROBERT C. JONES
Chief Judge