

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ANDREW L. JORDAN,

    Plaintiff,

v.

PLAZA HOME MORTGAGE, INC., et. al,

    Defendants.

3:11-cv-348-RCJ-WGC

**ORDER**

Currently before the Court is a Motion for Summary Judgment (#61).

## BACKGROUND

**I.   Foreclosure Facts**

Plaintiff Andrew L. Jordan executed a note secured by a deed of trust on a piece of property located at 8707 Malibu Drive, Reno, Nevada 89506, which was recorded in Washoe County on September 11, 2008. (Deed of Trust (#45-1) at 5-6). The mortgage, dated September 8, 2008, was for $207,264. (*Id.*). The deed of trust named Plaza Home Mortgage, Inc. as lender, First American Title as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and beneficiary. (*Id.* at 5).

On September 15, 2008, Plaza Home Mortgage sent Plaintiff a letter stating that it had sold his loan to Countrywide Home Loans, Inc. and that all payments should be sent to Countrywide Home Loans. (Transfer Letter (#7-8) at 2). On April 1, 2009, Plaintiff defaulted on his mortgage payments for an unspecified amount. (*See* Notice of Default (#7-9) at 2).

On March 1, 2010, Recontrust Company, N.A. executed a notice of default and election to sell under the deed of trust. (Notice of Default (#7-9) at 2-3). Charlotte Olmos—an

employee of First American Title Insurance Company, allegedly an agent for Recontrust—signed the notice of default. (*Id.* at 3).

On March 3, 2010, MERS executed an assignment of the deed of trust to BAC Home Loans Servicing LP ("BAC"), formerly known as Countrywide Home Loans Servicing, LP. (Assignment of Deed of Trust (#20-9) at 2). On that same day, BAC executed a substitution of trustee substituting Recontrust as trustee of the deed of trust in place of First American Title. (Substitution of Trustee (#20-10) at 2-3).

On September 9, 2010, First American National Default recorded a certificate from the Nevada Foreclosure Mediation Program indicating that no request for mediation had been made or that the grantor had waived mediation. (Mediation Certificate (#20-12) at 2). The certificate stated that the beneficiary could proceed with the foreclosure process. (*Id.*). That same day, Recontrust filed a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#7-10) at 2). On December 27, 2010, Recontrust filed another notice of trustee's sale with the Washoe County Recorder's office. (Second Notice of Trustee's Sale (#7-11) at 2). On April 11, 2011, Plaintiff recorded a notice of lis pendens with the Washoe County Recorder's office. (Notice of Lis Pendens (#20-15) at 2-3). No foreclosure sale has taken place. (*See* Mot. for Summ. J. (#61) at 3).

## II.   Procedural History

In May 2011, Plaza Home Mortgage filed a petition for removal and attached Plaintiff's complaint from the Second Judicial District in Washoe County. (Pet. for Removal (#1); Compl. (#1-2) at 10-74). In the complaint, Plaintiff sued Plaza Home Mortgage, Inc.; First American Title; Recontrust Company, N.A.; BAC Home Loans Servicing, LP; First American Title Insurance Company; and Charlotte Olmos. (Compl. (#1-2) at 10). Plaintiff's 66-page complaint listed nine causes of action, including: (1) debt collection violations under NRS § 649.370; (2) unfair and deceptive trade practices under NRS § 598.0923; (3) unfair lending practices under NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (*Id.* at 37-71).

Plaza Home Mortgage, Recontrust, and BAC filed motions to dismiss. (Mot. to Dismiss (#7, 20)). First American Title Insurance Company and Charlotte Olmos later joined in both of these motions to dismiss. (Joinders (#13, 22)). In October 2011, the Court granted these motions on all claims except for claim five for violations of NRS § 107.080 and claim six for quiet title. (Order (#36) at 7). The Court held that Plaintiff had stated a cause of action for claims five and six because Recontrust had executed the notice of default before it had properly been substituted as trustee, and therefore had no authority to initiate the foreclosure process. (*Id.*).

In May 2012, Recontrust and BAC (collectively "Defendants") filed a motion for summary judgment on the two remaining claims. (Mot. for Summ. J. (#45) at 5). Defendants presented the declaration of Lorena Diaz—the Assistant VP Operations Team Lead for Bank of America, N.A., successor by merger to BAC—asserting that BAC, in its capacity as servicer of the note, had authorized Recontrust to initiate non-judicial foreclosure proceedings on February 23, 2010. (*See* Diaz Decl. (#45-1) at 2-3). The Court found that the Diaz declaration established that BAC was the servicer of the loan and that it had properly authorized Recontrust to initiate the foreclosure process. (*See* Order (#58) at 5). However, the Court found that the notice of default was not executed by Recontrust, but rather by First American Title Insurance Company as agent of Recontrust. (*Id.*). The Court found that, although Defendants had provided the Court with evidence that Recontrust had authority from BAC to initiate the foreclosure process, no evidence had been presented that First American Title Insurance Company had authority from Recontrust to execute the notice of default. (*Id.*). The Court found that Defendants had failed to present evidence of the agency relationship between First American Title Insurance Company and Recontrust and, thus, were not entitled to summary judgment on the remaining claims. (*Id.*).

The pending motion for summary judgment now follows.

## LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.

1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

### DISCUSSION

Defendants file another motion for summary judgment on the two remaining claims for

4

1  violations of NRS § 107.080 and quiet title. (Mot. for Summ. J. (#61) at 1-2). Defendants, in
2  response to this Court's previous order, now provide evidence that First American Title had
3  authority to execute the notice of default. (*Id.* at 4).
4      Defendants attach a "Statement of Work" contract between Bank of America, N.A.,
5  successor by merger to BAC, and First American Title Insurance Company. (Statement of
6  Work (#61-1) at 2). The Statement of Work states that the document was entered into "as of
7  January 1, 2010" between the parties and that First American Title "shall provide title services
8  to ReconTrust Company, N.A. (a subsidiary of Bank of America, N.A. and referred to
9  collectively herein as 'ReconTrust') for properties subject to non-judicial foreclosures" where
10 ReconTrust is the trustee. (*Id.*). Per the Statement of Work, First American Title was to
11 perform "[a]ll other professional services requested and/or approved by ReconTrust and/or
12 Bank of America." (*Id.* at 3). Bank of America signed the document on August 5, 2010, and
13 First American Title signed the document on March 10, 2010. (*Id.* at 5).
14     Plaintiff filed an opposition and Defendants filed a reply. (Opp'n to Mot. for Summ. J.
15 (#62); Reply to Mot. for Summ. J. (#64)).
16     In this case, the Court finds that Defendants have provided the Court with evidence that
17 First American Title Insurance Company had authority from Recontrust to execute the notice
18 of default on March 1, 2010. The Statement of Work document demonstrates that effective
19 January 1, 2010, First American Title was to provide non-judicial foreclosure services to
20 ReconTrust at ReconTrust and/or Bank of America's request. Additionally, the Court
21 acknowledges that Bank of America and First American Title did not execute the Statement
22 of Work document until after March 1, 2010. However, the Court finds that this is irrelevant
23 because the contract states that the effective date of the Statement of Work contract was
24 January 1, 2010. *See Canfora v. Coast Hotels & Casinos, Inc.*, 121 P.3d 599, 603 (Nev.
25 2005) (holding that when a contract is clear on its face, the contract will be construed from the
26 written language and enforced as written); *see also Television Events & Mktg., Inc. v. AMCON
27 Distrib., Co.*, 484 F. Supp. 2d 1124, 1138 (D. Haw. 2006) (finding that an agreement that is
28 entered into "as of" an earlier date than the execution date is effective on that earlier date).

The Court now grants Defendants' motion for summary judgment on claims five and six with prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Summary Judgment (#61) is GRANTED with prejudice. There are no remaining causes of action in this case.

IT IS FURTHER ORDERED that the notice of lis pendens on the property is cancelled and expunged.

The Clerk of the Court shall enter judgment accordingly.

DATED: this 17th day of May, 2013.

_____
United States District Judge